UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:20-cv-00341-RBD-DCI

**STRIKE 3 HOLDINGS LLC,**
a limited liability company,

    Plaintiff,

**v.**

**DAVID CINTRON,**
an individual,

    Defendant.

_____/

### DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT WITH INCORPORATED MEMORANDUM OF LAW

Defendant DAVID CINTRON, by and through undersigned counsel and pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, hereby respectfully moves this Court for an Order to set aside the Clerk's Entry of Default (Doc. 17) which was entered on June 8, 2020. In support of this Motion, Defendant has incorporated a Memorandum of Law and states the following:

1. On April 17, 2020, Plaintiff filed its First Amended Complaint (Doc. 12) against Defendant.

2. The Return of Service (Doc. 13) reflecting service being executed on April 28, 2020 was filed on May 5, 2020.

3. Defendant's response to the Plaintiff's First Amended Complaint would have been due on May 19, 2020.

4. Plaintiff filed its Motion for Entry of Clerk's Default (Doc. 16) against Defendant on June 4, 2020 and on June 8, 2020, the Clerk entered an Entry of Default (Doc. 17).

5.     Due to the complications associated attempting to find counsel after being served in the middle of a global pandemic, Defendant was only able to secure the benefit of counsel after the Clerk's Entry of Default (Doc. 17).

6.     Plaintiff has not filed its Motion for Final Judgment and counsel for Plaintiff does not oppose this Motion to Set Aside the Clerk's Default.

### MEMORANDUM OF LAW

It is well within the court's discretion to set aside entry of a default. *See, e.g., Singh v. Hopkins Meat Packing, Inc.,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *1 (M.D. Fla. Nov. 13, 2008). Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." *See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990). The Eleventh Circuit has noted that "good cause," while not precisely defined, is "a 'liberal' and 'mutable' standard, and one that varies from situation to situation." *Scotlynn USA Div., Inc. v. Titan Trans Corp.*, 2019 WL 166325, *1, *3 (M.D. Fla. Jan. 10, 2019) (citing *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) and *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)). Even where there is uncertainty as to whether "good cause" exists, courts generally set aside the default so that the case may be decided on its merits. *See Singh,* No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *2.

In making a determination of whether the requisite amount of good cause to set aside the default exists, courts may consider several factors, including "'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense'." *Scotlynn* (citing *Compania Interamericana*, 88 F.3d at 951). Courts may also consider the public interest in a default, if the defaulting party would

suffer significant financial loss "and whether the defaulting party acted promptly to correct the default." *Id*. The Eleventh Circuit has long expressed its preference that cases ought to be decided on the merits rather than on technicalities, and courts therefore make every possible effort to allow a defendant to have its day in court. *See id*. (citing *Perez*, 774 F. 3d at 1342 and *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.") (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc*., 740 F.2d 1499, 1510 (11th Cir. 1984)).

Good cause exists to set aside the Entry of Default against Defendant pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Defendant was served with the Summons and Complaint on April 28, 2020 which was during the statewide stay-at-home order issued by the State of Florida during the initial months of the Covid-19 pandemic. The subsequent delays experienced by Defendant because of the challenges associated with navigating the local, statewide and national restrictions associated with the Covid-19 pandemic in seeking and obtaining counsel are understandable. Such circumstances form the embodiment of good cause under Rule 55(c) to set aside the Entry of Default against Defendant.

Further, Defendant has not delayed in seeking to set aside the Default as Defendant recently was able to obtain counsel and this Motion has been filed 36 days after the Default was entered on June 8, 2020. This delay can be seen as excusable given the current state of the ongoing Covid-19 pandemic in Florida.

Lastly, Plaintiff is not be prejudiced by setting aside the Entry of Default as Plaintiff does not oppose this Motion, as certified below.

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), counsel for Defendant has conferred with counsel for Plaintiff by email and Plaintiff does not oppose the relief sought in this Motion.

Wherefore, Defendant respectfully requests that this Court enter an Order, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, setting aside the Clerk's Entry of Default (Doc. 17) entered on June 8, 2020 and setting a date for Defendant to file a response to Plaintiff's Amended Complaint.

Respectfully submitted on this 16th day of July 2020 by:

By:  /s/ Steven R. Kozlowski
**STEVEN R. KOZLOWSKI, ESQ.**
Fla. Bar No. 0087890

**KOZLOWSKI LAW FIRM, P.A.**
1 SE Third Ave, Suite 1660
Miami, Florida 33131
Tel: (305) 673-8988
E-mail: Steven@KLFPA.com
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the CM/ECF on July 16, 2020, and that the foregoing is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF upon counsel for Plaintiff Strike 3 Holdings, LLC: Rachel E. Walker, Esq., (RWalker@smgqlaw.com), SMGQ Law 2 South Biscayne Blvd., 34th Floor, Miami, FL 33131.

By:  /s/ Steven R. Kozlowski
**STEVEN R. KOZLOWSKI, ESQ.**
Fla. Bar No. 0087890